IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NORTHSTAR MUTUAL INSURANCE )
COMPANY, INC., a Minnesota )
Corporation, )
                              )
        Plaintiff,            )
                              )
    vs.                       )     No. CIV-14-487-C
                              )
HELEN Y. FARRIS, an Oklahoma  )
resident,                     )
                              )
        Defendant.            )

MEMORANDUM OPINION AND ORDER

I.  BACKGROUND

Plaintiff is the provider of Defendant's homeowner's insurance policy. The policy provides property coverages of up to $145,000 for the residence and $87,000 for personal property. On August 9, 2013, Defendant filed a claim for wind and hail damage to the roof after noticing water damage to the interior of the home. On September 30, 2013, Plaintiff hired a consultant to evaluate the property and determine the cause of damage. The consultant's evaluation revealed several issues with the residence, including depressions in the roof, sagging eaves, sagging and cracked wooden rafters, and interior cracks in the walls and ceiling. (Pl.'s Resp., Dkt. No. 13, Ex. 3, at 4-7.) However, the consultant ultimately concluded that "[n]o hail and/or wind damage to the residence was observed as a result of storms reported on May 20, 2013." (Id. at 4.) Rather than deny Defendant's claim, Plaintiff filed the present action seeking a declaratory judgment from the Court that Plaintiff is not obligated to pay Defendant's claims and damages. Before the Court is Defendant's Motion

to Dismiss (Dkt. No. 9) pursuant to Fed. R. Civ. P. 12(b)(1). Defendant argues that the Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000. Defendant further argues that dismissal is appropriate because an "actual controversy" does not exist. Plaintiff has filed a response, to which Defendant has replied. The motion is now at issue.

## II. STANDARD OF REVIEW

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is set forth in Holt v. United States, 46 F.3d 1000 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Id. at 1002-03 (internal citations omitted).

Defendant makes a factual attack regarding the amount in controversy, arguing that the facts upon which subject matter jurisdiction depends show that the amount in controversy cannot exceed $75,000. Defendant's challenge to the existence of an "actual controversy" is a facial attack. Defendant argues that even if everything Plaintiff asserts is true, the Court still lacks power to resolve the dispute because the Court lacks jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the

2

law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868).

III. ANALYSIS

A. "Amount in Controversy"

Defendant first argues that the Court lacks jurisdiction because the amount in controversy does not meet federal statutory requirements. In an action between citizens of different states, a federal district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). When defendants challenge subject matter jurisdiction based on the amount in controversy requirement, "the plaintiffs must show that it does not appear to a legal certainty that they cannot recover the jurisdiction [sic] amount." Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1216 (10th Cir. 2003) (internal quotation marks and citation omitted). "The legal certainty standard is very strict." Id. The law bears a heavy presumption in favor of the amount Plaintiff alleges in the complaint. Id. (citing Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1183 (10th Cir. 2000). In determining whether Plaintiff has met this burden, the Court is not bound strictly to the facts alleged in the complaint. "The plaintiff may supplement the allegations in the complaint with 'affidavits or other evidence.'" Marcus Food Co. v. DiPanfilo, 671 F.3d 1159, 1171 (10th Cir. 2011) (quoting McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008)). Plaintiff attached to its response a renewal certificate of Defendant's homeowner's policy (Pl.'s Resp. Ex. 1), the Report of Findings of

3

the consultant who evaluated Defendant's home (Pl.'s Resp. Ex. 3), and an Examination Under Oath of Helen Farris (Pl.'s Resp. Ex. 4).

Defendant argues that the amount in dispute does not and cannot exceed $75,000 because the amount is limited to the reasonable amount necessary to repair the roof of her home and her home "is valued just in excess of $29,000." (Def.'s Mot. to Dismiss, Dkt. No. 9, at 1.) However, Plaintiff's Complaint (Dkt. No. 1) and the evidence show that in August 2013 Defendant notified her insurance agent of rainwater damage inside her home. A claim for wind and hail damage to the roof was filed, and the estimated amount was listed as "unknown." (Pl.'s Resp. Ex. 2.) The evaluation of the home revealed several issues with the roof surface, roof structure, and interior of the home. Plaintiff asserts that the issues recorded in the Report of Findings (Pl.'s Resp. Ex. 3) would require replacing the entire roof structure and that such repairs—without accounting for the reported issues to the interior of the home—are likely to exceed $75,000. Furthermore, the value of Defendant's home is not dispositive; Defendant's policy coverage is. See White v. N. Am. Accident Ins. Co., 316 F.2d 5, 6 (10th Cir. 1963) ("[A]s the declaration is necessarily on the policy, its pertinent provisions must govern appellant's right to recovery under applicable Oklahoma law, and the jurisdictional amount in controversy must be governed accordingly.").

> "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, "the 'object of the litigation' is the policy and the 'value of the right to be protected' is plaintiff's potential liability under that policy."

4

St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998) (footnotes and citations omitted). Under Defendant's homeowner's insurance policy, Plaintiff's maximum liability is $145,000 for the residence and $87,000 for the personal property. Both amounts exceed the jurisdictional requirement. Thus, Plaintiff has proven that it is not a legal certainty that the jurisdictional amount cannot be met. Jurisdiction of the Court is appropriate pursuant to 28 U.S.C. § 1332.

B. "Actual Controversy"

Defendant's second argument is that the Court should decline to exercise jurisdiction because an "actual controversy" between the parties does not exist. Pursuant to the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). The decision to grant jurisdiction in a declaratory action lies within the discretion of the Court. Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995) ("We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'") "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III" of the U.S. Constitution. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). If an "actual controversy" does not exist, the Court has no power to grant declaratory relief. Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 272 (1941). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. at 273.

Defendant argues that the instant case lacks "sufficient immediacy" because the adjustment process is ongoing and it is not certain that the controversy will ever develop into litigation. The Court disagrees. The fact that Defendant has not filed suit against Plaintiff regarding the claim does not prevent the Court from offering declaratory relief. The Tenth Circuit has held:

> [W]hen the insured could file suit on identical issues and, upon success, be entitled to payments from the insurer, the insurer can bring a declaratory-judgment action without waiting for suit by the insured, at least when the factual issues have fully matured (that is, the factual premise is not 'hypothetical'), the parties have formally expressed their differences on the issue (there is a 'real and substantial controversy'), and the likelihood of the insured . . . eventually bringing a claim is high, if not inevitable (the controversy is 'of sufficient immediacy and reality').

Columbian Fin. Corp. v. BancInsure, Inc., 650 F.3d 1372, 1377 (10th Cir. 2011) (discussing the Supreme Court case Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227 (1937), in which the insured defendant had filed formal claims but had not instituted any legal action). In the instant case, Defendant filed a claim with Plaintiff seeking coverage on repairs to Defendant's roof. Plaintiff asserts in its Complaint that the insurance policy does not cover Defendant's claim. The factual premise is not hypothetical, and the parties' positions are adverse. Plaintiff has asked the Court to declare its liability under the insurance policy. Should the Court decline jurisdiction, Plaintiff faces the real risk of defending itself

6

in future adjudication on the same issue now before the Court. Therefore, an "actual controversy" exists and is of "sufficient immediacy" to warrant a declaratory judgment.

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 9) is DENIED.

IT IS SO ORDERED this 26th of September, 2014.

ROBIN J. CAUTHRON
United States District Judge